UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DUANE LETROY BERRY,

          Petitioner,

v.

          Case No. 2:17-cv-12738
          Hon. Nancy G. Edmunds

STATE OF MICHIGAN, ET. AL,

          Respondents.
_____/

**OPINION AND ORDER (1) SUMMARILY DENYING PETITION FOR WRIT OF HABEAS CORPUS, (2) DENYING CERTIFICATE OF APPEALABILITY, AND (3) DENYING LEAVE TO APPEAL IN FORMA PAUPERIS**

Duane Letroy Berry, ("Petitioner"), incarcerated at the Midland County Jail, filed a petition for a writ of habeas corpus. Petitioner is being held as a pretrial detainee in *People v. Berry*, Wayne County Circuit Court Case No. 17-005237, in which he is charged with malicious destruction of a building in violation of MICH. COMP. LAWS § 750.3803. Prior to his current incarceration, Petitioner was in federal custody pending competency proceedings in *United States v. Berry*, Eastern District of Michigan Case No. 15-20743, in which he is charged with perpetrating false information and hoaxes in violation of 18 U.S.C. § 1038(a).

The petition raises one claim: "the State of Michigan had no authority or power to remove the petitioner from federal jurisdiction under state or federal law." Dkt. 1, at 4. For the reasons stated below, the petition for writ of habeas corpus is summarily denied. The Court will also deny Petitioner a certificate of appealability and permission to appeal in forma pauperis.

I. Discussion

On August 25, 2016, the district court found Petitioner to be incompetent to stand trial and

ordered his hospitalization in Petitioner's federal criminal proceeding. Eastern District of Michigan Case No. 15-20743, Dkt. 45. On or about April 28, 2017, Petitioner was transferred to state custody.[1] After a preliminary examination held in the state district court, Petitioner was bound over to the state circuit court for trial. On July 19, 2017, the state circuit court ordered Petitioner to be evaluated for competency to stand trial and for criminal responsibility. A competency hearing is scheduled to take place on October 25, 2017.

Federal courts are authorized to summarily dismiss any habeas petition that appears legally insufficient on its face. *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Carson v. Burke*, 178 F. 3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254.

Pretrial habeas petitions, such as this one, are properly brought under 28 U.S.C. § 2241. See *Christian v. Wellington*, 739 F.3d 294, 298 (6th Cir. 2014). However, except in extraordinary circumstances, federal courts do not review habeas petitions challenging state criminal proceedings that remain pending in the state trial court. *Id*. Such circumstances may include speedy-trial challenges and double-jeopardy challenges — rights that cannot be fully vindicated if postponed until after conviction and sentence. *Id*. (citing *Abney v. United States*, 431 U.S. 651, 660 (1997), and *Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 503 (1973).

In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court held that, absent extraordinary circumstances, a federal court may not enjoin pending state criminal prosecutions. The rule is "designed to permit state courts to try state cases free from interference by federal courts,

---

[1]This Court takes judicial notice of the information provided by a search of the Wayne Circuit Court website, https://cmspublic.3rdcc.org. See *Graham v. Smith*, 292 F. Supp. 2d 153, 155, n. 2 (D. Me. 2003) (citing 21 Wright & Graham, Federal Practice and Procedure: Evidence § 5106).

particularly where the party to the federal case may fully litigate his claim before the state court." *Zalman v. Armstrong*, 802 F.2d 199, 205 (6th Cir. 1986) (internal quotations omitted). A federal court must abstain from enjoining a state criminal proceeding if: (1) the state proceeding is ongoing; (2) an important state interest is implicated; and (3) the Petitioner has an adequate opportunity in the state judicial proceeding to raise constitutional challenges. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *Fieger v. Thomas*, 74 F.3d 740, 744 (6th Cir. 1996).

The three factors that support *Younger* abstention are present in this case. First, Petitioner acknowledges that there is an ongoing state criminal prosecution pending in the Wayne Circuit Court. In that proceeding, Petitioner has already been arraigned, and a competency hearing is scheduled for October 25, 2017. Second, state criminal proceedings clearly involve important state interests. See, e.g., *Cooper v. Parrish*, 203 F.3d 937, 954 (6th Cir. 2000). Third, the state court proceedings provide an adequate opportunity for Petitioner to raise constitutional challenges. If he does so, and the trial court denies or otherwise fails to consider his claims, Petitioner may exercise his right to an appeal under Michigan law.

Abstention is therefore appropriate in the absence of one of three exceptions to the *Younger* abstention doctrine: (1) "the state proceeding is motivated by a desire to harass or is conducted in bad faith," *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 611 (1975); (2) "the challenged statute is flagrantly and patently violative of express constitutional prohibitions," *Moore v. Sims*, 442 U.S. 415, 424 (1979) (quoting *Huffman*, 420 U.S. at 611); or, (3) there is "an extraordinarily pressing need for immediate federal equitable relief." *Kugler v. Helfant*, 421 U.S. 117, 125 (1975). These exceptions have been interpreted narrowly. *Zalman v. Armstrong*, 802 F.2d 199, 205 (6th Cir. 1986).

In the instant case, Petitioner alleges none of the three exceptions to *Younger* abstention. First, he alleges no facts suggesting that the state proceeding is motivated by an improper purpose. He does not challenge the constitutionality of a state criminal statute. And Petitioner does not allege facts suggesting the existence of a pressing need for immediate federal relief. Therefore, the Court must abstain from considering Petitioner's challenge to his pending state criminal proceeding.

## II. Conclusion

The Court summarily denies the petition for a writ of habeas corpus. The Court will also deny a certificate of appealability. The Court will deny petitioner a certificate of appealability because reasonable jurists would not find this Court's assessment that it must abstain from enjoining the pending state criminal proceeding to be debatable or wrong. 28 U.S.C. § 2253(c)(2); *Johnson v. Smith,* 219 F. Supp. 2d 871, 885 (E.D. Mich. 2002). The Court will also deny petitioner leave to appeal in forma pauperis, because the appeal would be frivolous. *Allen v. Stovall,* 156 F. Supp. 2d 791, 798 (E.D. Mich. 2001).

## III. Order

**IT IS ORDERED** that the petition for a writ of habeas corpus is **SUMMARILY DENIED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** That a certificate of appealability is **DENIED.**

**IT IS FURTHER ORDERED** that leave to appeal in forma pauperis is **DENIED**.

Dated: September 1, 2017         s/Nancy G. Edmund
     Detroit, Michigan              NANCY G. EDMUNDS
                                        UNITED STATES DISTRICT JUDGE

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 1, 2017.

                                          s/Johnetta M. Curry-Williams
                                          Acting in the Absence of Carol Bethel
                                          Case Manager